UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>           Plaintiff,<br><br>    v.<br><br>UNIVERSITY INN HOTEL, *et al.*,<br><br>           Defendants. | Case No. 1:24-cv-01316-EPG<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>AND<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND, FOR FAILURE TO COMPLY WITH RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND FOR LACK OF SUBJECT-MATTER JURISDICTION<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

      Plaintiff Candace Smith ("Plaintiff") proceeds *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on October 28, 2024, alleges various claims against University Inn Hotel, Ramada Inn Hotel, Picadilly Inn Hotel, Starbucks, Extended Stay Hotel, and Planet Fitness.

      Plaintiff's complaint is now before the Court for screening. Upon review, the Court finds that Plaintiff's complaint violates Federal Rule of Civil Procedure 8(a) and the Court lacks

1

subject-matter jurisdiction over this action.

Additionally, as further explained below, Plaintiff frequently makes filings with the Court that are often dismissed upon repeated identifications of deficiencies in filings that are not corrected. Accordingly, the Court recommends that this action be dismissed without prejudice and without granting leave to amend.

## I.    SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915. (ECF No. 3). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT

In the statement of claim, Plaintiff's complaint states:

Not providing [illegible] & falsly calling cops

upon such coondrated activities of purposely harm a ill person, putting posion, drugs, cocaine & posions in bed sheets, Food, and drink going in room w/o out permission

       video filmy & recording w/o permson

       Starbucks drugged drinked to sleep w/o plaintiff sexual harassment & the Like

       Planet Fitness video & Invasion of privacy sexual Harassment. Person Injury

(ECF No. 1 at 5). Additionally, the Civil Cover Sheet accompanying Plaintiff's complaint states "Tort actions to purposely cause death & Injury." (ECF No. 1-1). Plaintiff asks for punitive and monetary damages. (ECF No. 1 at 6).

### III. ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A. Rule 8(a)

As set forth above, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

Plaintiff's complaint is not a short and plain statement of her claims. Plaintiff sets forth no facts in her complaint to support her allegations, exclusively relying on conclusory statements, and it is unclear what Plaintiff is alleging and against whom. Accordingly, the Court finds that Plaintiff's complaint fails to comply with Rule 8(a).

#### B. Subject-Matter Jurisdiction

A court's subject-matter jurisdiction over a case "refers to a tribunal's power to hear [the] case, a matter that can never be forfeited or waived." *Union Pac. R. Co. v. Bhd. of Locomotive Engineers & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009) (quotation marks and citation omitted). "Moreover, courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the

3

[C]ourt must dismiss the action."

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). There are two main bases to establish subject-matter jurisdiction in a case.

First, 28 U.S.C. § 1331 provides that "district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under the "'well-pleaded complaint rule' . . . federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Second, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and involves "citizens of different States." The citizenship of an individual is "determined by her state of domicile, not her state of residence," with a domicile being the individual's "permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Here, Plaintiff alleges no facts to establish that the Court has subject-matter jurisdiction over this action. Plaintiff's complaint indicates that the basis for the Court's jurisdiction is both diversity of citizenship and the presence of a federal question but alleges no facts in support of either basis. (ECF No. 1 at 3-4). Under the section of the complaint instructing Plaintiff to set forth the basis for federal question jurisdiction, Plaintiff states only, "Arising vilation of rights; personal injury attempted murder druggings [illegible] cocaine & posion & carbon dixode intental & setup tort." (*Id.* at 4).

Additionally, Plaintiff has not established subject-matter jurisdiction based on complete diversity of the parties and an amount in controversy exceeding $75,000, exclusive of interests and costs. Plaintiff lists her address as Clovis, California. As to only three defendants, Plaintiff provides street addresses, which the Court believes are meant to refer to locations in Fresno, California.  For example, Plaintiff names as a defendant University Inn Hotel, and lists

"Shaw/First" as the street address. University Inn Hotel in Fresno, California is located at 2655 E. Shaw Ave. Moreover, on the Civil Cover Sheet accompanying the complaint, Plaintiff has checked boxes indicating that at least defendant is a citizen of California. (ECF No. 1-1).

Accordingly, the Court concludes that it does not have subject-matter jurisdiction over this action.

### C. Dismissal Without Leave to Amend

The Court further recommends dismissing this action without granting leave to amend.

Leave for a party to amend a complaint under Rule 15(a) of the Federal Rules of Civil Procedure "shall be freely given when justice so requires . . . and this policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (citation and internal quotation marks omitted).

The Court concludes that granting Plaintiff leave to amend in this action would be futile in light of Plaintiff's extensive history of deficient filings and repeated admonitions from the Court. Indeed, from a review of the Court's electronic filing system it appears that, in 2024 alone, Plaintiff has filed 17 cases in this District. Of these cases, 13 have either been dismissed or are pending possible dismissal:

- *Smith v. Novoa*, No. 1:24-cv-00199-JLT-SKO (filed February 14, 2024; dismissed March 26, 2024, for lack of subject-matter jurisdiction and without further leave to amend);
- *Smith v. Cordoza*, No. 1:24-cv-00200-KES-BAM (filed February 14, 2024; dismissed October 11, 2024, for failure to comply with Federal Rule of Civil Procedure 8 and failure to establish Court's jurisdiction);
- *Smith v. Planet Fitness, et al.*, No. 1:24-cv-00203-JLT-HBK (filed February 15, 2024; dismissed August 2, 2024, for failure to comply with the Court's orders and failure to prosecute);
- *Smith v. McDonalds Incorporated, et al.*, No. 1:24-cv-00204-KES-SAB (filed February 15, 2024; pending recommended dismissal, without further leave to amend, for failure to comply with Federal Rule of Civil Procedure 8 and failure to establish subject-matter jurisdiction);
- *Smith v. Novoa, et al.*, No. 1:24-cv-00221-KES-HBK (filed February 21, 2024; pending

recommended dismissal, without further leave to amend, for being duplicative of filing *Smith v. Novoa*, No. 1:24-cv-00199-JLT-SKO and for lack of subject-matter jurisdiction);

- *Smith v. Novoa, et al.*, No. 1:24-cv-00251-KES-EPG (filed February 29, 2024; dismissed August 26, 2024, for failure to file a long form *in forma pauperis* application or pay filing fee);

- *Smith v. Davis*, No. 1:24-cv-00476-JLT-EPG (filed April 22, 2024; pending recommended dismissal without further leave to amend for lack of subject-matter jurisdiction);

- *Smith v. West Coast Hotel Management, LLC, et al.*, No. 1:24-cv-00586-KES-HBK (filed May 16, 2024; pending recommended dismissal for failure to prosecute)

- *Smith v. Kemper Insurance, et al.*, No. 1:24-cv-00587-JLT-SKO (filed May 16, 2024; pending recommended dismissal for failure to prosecute and failure to comply with Court's orders);

- *Smith v. Farmers Insurance, et al.*, No. 1:24-cv-00588-KES-BAM (filed May 16, 2024; pending motion to dismiss for failure to state a claim upon which relief can be granted and for lack of subject-matter jurisdiction);

- *Smith v. Community Hospital, et al.*, No. 1:24-cv-00589-KES-BAM (filed May 16, 2024; pending recommended dismissal for failure to comply with Court's orders, lack of subject-matter jurisdiction, and failure to state a claim upon which relief can be granted);

- *Smith v. Chick-Fil-A, et al.*, No. 1:24-cv-00814-JLT-BAM (filed July 15, 2024; pending recommended dismissal for failure to state a claim upon which relief can be granted and for failure to comply with Court's orders);

- *Smith v. Dyer, et al.*, No. 1:24-cv-01288-JLT-EPG (filed October 22, 2024; pending recommended dismissal without leave to amend for failure to comply with Federal Rule of Civil Procedure 8 and for lack of subject-matter jurisdiction).

It thus appears that granting leave to amend in this action would be futile. Additionally, the Court has concluded that it lacks subject-matter jurisdiction over this action, and it does not appear that Plaintiff could cure this deficiency by submitting an amended complaint.

### IV. CONCLUSION AND ORDER

The Court finds that Plaintiff's complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure, and the Court lacks subject-matter jurisdiction over this action. Further, the Court recommends that Plaintiff should not be granted leave to file an amended complaint in light of Plaintiff's extensive history with deficient filings in this District and the apparent futility of amendment.

Accordingly, it is ordered that the Clerk of Court direct a District Judge to this case.

Further, **IT IS RECOMMENDED** as follows:

1. This action be dismissed, without prejudice and without leave to amend, for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, and lack of subject-matter jurisdiction.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections shall not exceed fifteen (15) pages, including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 13, 2024**     /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

7